# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

CARY G. MOSELEY, JR.,

    Plaintiff,

v.

LORETTA LYNCH,

    Defendant.

CIVIL ACTION NO.: 2:16-cv-153

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Presently before the Court are Plaintiff's Complaint, filed pursuant to the Americans with Disabilities Act, (doc. 1), Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 3), and his Motion to Appoint Counsel, (doc. 4). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 3), and **DISMISSES as moot** Plaintiff's Motion to Appoint Counsel, (doc. 4). Additionally, I **RECOMMEND** that the Court **DISMISS** this action **without prejudice** and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## **BACKGROUND**

On November 16, 2016, Plaintiff filed this action, *pro se*, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), alleging employment discrimination against him by his employer. (Doc. 1.) Concurrent with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. (Doc. 3.) On December 14, 2016, this Court directed Plaintiff to amend his Complaint to include information regarding Plaintiff's efforts to exhaust his administrative remedies and in particular, whether he received a right-to-sue letter from the

Equal Employment Opportunity Commission ("EEOC"). (Doc. 7.) Plaintiff submitted an Amended Complaint on January 5, 2017. (Doc. 8.) In his Amended Complaint, Plaintiff provides a copy of his investigation file from the Bureau of Prisons and various other documents pertaining to an internal investigation. (Id.) However, Plaintiff does not provide the right-to-sue letter that he alleged he received on November 7, 2016, (doc. 1, p. 8), or any other documentation regarding his attempt to exhaust administrative remedies with the EEOC.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.    Denial of Leave to Procced *in Forma Pauperis* and Dismissal of Complaint**

The Court clearly advised Plaintiff in its December 14, 2016, Order that, "Under Title VII, and hence the ADA, the employee must wait for the EEOC to issue a right-to-sue letter before filing suit. If the plaintiff has not received a right-to-sue letter at the time that suit is filed, the action is subject to dismissal without prejudice." (Doc. 6, p. 2.) However, despite the Court's explicit warning, Plaintiff failed to produce or provide any details regarding a right-to-sue letter in his Amended Complaint. In fact, Plaintiff states that he "never received a copy of a right-to-sue letter from the EEOC." (Doc. 8, p. 1.) This statement is in direct contradiction with his Complaint, where Plaintiff assertively states that he filed a charge with the EEOC in March of 2015 and received his right-to-sue letter on November 7, 2016. (Doc. 1, p. 8.)[1] Again, a right-to-sue letter from the EEOC is a prerequisite to bringing a claim under the ADA. Until Plaintiff has provided the Court with evidence that he has fulfilled those prerequisites, the Court cannot proceed with this action. Burns v. Zadach, No. CV408-197, 2009 WL 136065, at *1 (S.D. Ga. Jan. 20, 2009). In the event Plaintiff is able to timely file a charge with the EEOC and the EEOC denies his complaint, Plaintiff may then re-file with this Court attaching the right-to-sue letter that accompanies the notice of denial along with a new form complaint.

For all of these reasons, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis*, and I **RECOMMEND** that the Court **DISMISS** this action **WITHOUT PREJUDICE**.

---

[1] It appears from Plaintiff's Amended Complaint that he may be confusing the EEOC with the Equal Employment Opportunity Program within the Bureau of Prisons. Plaintiff states that he has enclosed "a copy of the report of investigation from the EEOC when they investigated [his claims]." (Doc. 1, p.8.) However, the attached report is from an internal investigation conducted by the Bureau of Prison's Equal Employment Opportunity Program. Their final investigation report does not take the place of a right-to-sue letter from the EEOC.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . ., may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]"). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal should.

---

[2] A Certificate of Appealability ("COA") is not required to file an appeal in a Section 1983 action. See Fed. R. App. P. 3 & 4; Morefield v. Smith, No. 607CV010, 2007 WL 1893677, at *1 (S.D. Ga. July 2, 2007) (citing Mathis v. Smith, No. 05-13123-A (11th Cir. Aug. 29, 2005) (unpublished)).

**CONCLUSION**

For the above-stated reasons, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis* and **DISMISSES as moot** Plaintiff's Motion to Appoint Counsel. I **RECOMMEND** that the Court **DISMISS** this action **WITHOUT PREJUDICE** and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further recommend that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED**, this 13th day of January, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA