**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

CARY G. MOSELEY, JR.,

    Plaintiff,

v.

DANA BOENTE, in his official capacity as
Attorney General of the United States,

    Defendant.

CIVIL ACTION NO.: 2:16-cv-153

## **O R D E R**

For the reasons set forth below, the Court hereby **VACATES** the Report and Recommendation and Order issued January 13, 2017. (Doc. 10.) The Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 3), and **DENIES** Plaintiff's Motion to Appoint Counsel, (doc. 4). The Court also **DIRECTS** the United States Marshal to serve this action and provides instructions to the parties which they are urged to follow.

### **BACKGROUND**

On November 16, 2016, Plaintiff filed this action, *pro se*, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), alleging employment discrimination against him by his employer. (Doc. 1.) Concurrent with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. (Doc. 3.) On December 14, 2016, this Court directed Plaintiff to amend his Complaint to include information regarding Plaintiff's efforts to exhaust his administrative remedies and to clarify whether he had exhausted with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 7.) Specifically, the Court directed Plaintiff to provide a copy of the right-to-sue letter he indicated he received from the EEOC on November 7, 2016. (Doc. 1, p. 8.)

However, in his Amended Complaint, Plaintiff simply provided a copy of his investigation file from the Bureau of Prisons and various other documents pertaining to an internal investigation. (Doc. 8.) Plaintiff gave no clarity as to whether he had actually appealed the Bureau of Prisons' decision with the EEOC and received a right-to-sue letter. Accordingly, I recommended that the Court dismiss Plaintiff's action without prejudice for failure to exhaust administrative remedies.

Plaintiff filed Objections to this Report and Recommendation on January 13, 2017. (Doc. 11.) In his Objections, Plaintiff states that he never received a right-to-sue letter from the EEOC. Furthermore, Plaintiff indicates through the supplemental materials in his Objections that he never appealed the Department of Justice's final order to the EEOC. Instead, Plaintiff filed this civil suit.

## DISCUSSION

### I. Initial Review of Exhaustion of Administrative Remedies

Under the ADA, a plaintiff may not sue unless he first exhausts available administrative remedies. Zillyette v. Capital One Financial Corp., 179 F.3d 1337, 1339 (11th Cir. 1999) ("[U]nder the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964.") However, the ADA does not apply to employment by the federal government or its agencies. 42 U.S.C. §§ 12111(5) & 12131(1). Here, Plaintiff's claims are against a federal employer, the Bureau of Prisons, and consequently, the Department of Justice. As such, his claims are covered by the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* See Spence v. Straw, 54 F.3d 196, 202 (3d Cir. 1995) ("[T]he Rehabilitation Act provides the exclusive means by which a litigant may raise claims of discrimination on the basis of handicap by federal agencies."). The standards for determining employment discrimination

under the Rehabilitation Act are the same as those used in Title I of the ADA against private employers—including the requirements for exhaustion. 29 C.F.R. § 1614.203. Because of these similarities and Plaintiff's status as a *pro se* party, the Court has read his pleading liberally to construe that Plaintiff is attempting to sue the Department of Justice pursuant to the Rehabilitation Act. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).

In a Title VII suit against a federal agency, an employee must contact an agency's Equal Employment Opportunity ("EEO") counselor "within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1).[1] After contacting a counselor, a plaintiff alleging an individual discrimination claim need only file a timely complaint with the agency's EEO Office and obtain a final action order. See 29 C.F.R. §§ 1614.106 & 1614.110. After such issuance, the plaintiff has the right to appeal the final action order to the EEOC or file a civil action in federal district court. 29 C.F.R. § 1614.110(a). If an individual plaintiff chooses to file a civil action in federal court, he must do so within 90 days of receiving the agency's final action order or the EEOC's final decision on an appeal. 29 C.F.R. § 1614.407.

Based on the additional information in Plaintiff's Objections, it appears that Plaintiff did not, as stated in his Complaint, file an appeal with the EEOC. Instead, Plaintiff chose to file an action directly with this Court after receiving a final action order from the Department of Justice on October 31, 2016. (Doc. 1-1, p. 1.) Plaintiff filed this action on November 16, 2016, well

---

[1] The requirements for exhaustion of administrative remedies under Title I of the ADA and Section 501 of the Rehabilitation Act are the same as the requirements under Title VII. See also 29 U.S.C. § 794a(a)(1) ("The remedies, procedure, and rights . . . [of Title VII] of the Civil Rights Act of 1964 . . . shall be available, with respect to any complaint" under Section 501.).

within 90 days of receiving the final action order. Thus, at least on the face of Plaintiff's Complaint, as well as the additional information provided in the Amended Complaint and Objections, it appears that he has exhausted his administrative remedies.[2]

Additionally, the only proper defendant under the Rehabilitation Action is the head of the federal department, agency, or unit that Plaintiff contends discriminated against him. 42 U.S.C. § 2000e-16(c); Bell v. Potter, No. CV 110-031, 2010 WL 5376318, at *2 (S.D. Ga. Nov. 10, 2010), *report and recommendation adopted*, No. CV 110-031, 2010 WL 5388449 (S.D. Ga. Dec. 21, 2010). The Bureau of Prisons is ultimately headed by the Attorney General. 18 U.S.C. § 4041. Mr. Dana Boente currently serves as the Acting Attorney General. Thus, the Court **DIRECTS** the Clerk of the Court to terminate Ms. Loretta Lynch as a Defendant and **SUBSTITUTE** Dana Boente, in his Official Capacity as Attorney General of the United States, as the sole Defendant in this case.

## II.     Motion to Proceed *in Forma Pauperis* and Service

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize the commencement of any lawsuit without prepayment of fees. When assessing whether to grant *in forma pauperis* status, the Court considers the filing fee, which, in this civil action is $400.00. 28 U.S.C. § 1914. In his Motion for Leave to Proceed *in Forma Pauperis*, Plaintiff provides sufficient evidence that he cannot afford to pay the filing fee in this action. (Doc. 3.) Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis*.

As the Plaintiff is hereby authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). Because Defendant is an employee of the United States sued in his official capacity, the Court further **ORDERS** that the

---

[2] This initial determination does not preclude Defendant from arguing, after service, that Plaintiff has not exhausted his administrative remedies.

4

United States Marshal serve the United States in accordance with Federal Rule of Civil Procedure 4(i). Thus, a copy of the complaint and summons shall be delivered, in the manner prescribed by Rule 4(i)(1)(A) to the United States Attorney for the Southern District of Georgia (or the civil process clerk of the same), and by registered or certified mail to the Attorney General of the United States at Washington, D.C.

### III. Instructions to the Parties

The Court **DIRECTS** the Clerk of Court to issue the undersigned's standard Rule 26 Instruction Order in this case. The parties are directed to read that Order carefully and comply with its directives. Additionally, given Plaintiff's *pro se* status, the Court provides the following additional instructions for the litigation of this action.

<u>While this action is pending, Plaintiff **shall immediately** inform this Court of any change of address. Failure to do so will result in dismissal of this case, without prejudice.</u>

In addition, Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. <u>See generally</u>, Fed. R. Civ. P. 26, *et seq*. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Upon no less than fourteen (14) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or

solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

**IV.    Plaintiff's Motion to Appoint Counsel**

Plaintiff also filed a Motion to Appoint Counsel to assist him with this case. However, in this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. This case is not so complex legally or

factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. For these reasons, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

## CONCLUSION

For the reasons set forth above, the Court hereby **VACATES** the Report and Recommendation and Order issued January 13, 2017. (Doc. 10.) The Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 3), and **DENIES** Plaintiff's Motion to Appoint Counsel, (doc. 4).

**SO ORDERED**, this 6th day of February, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHIMN DISTRICT OF GEORGIA