IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CARY G. MOSELEY, JR.,

    Plaintiff,

v.

JEFF SESSIONS, in his Official Capacity as Attorney General of the United States,

    Defendant.

CIVIL ACTION NO.: 2:16-cv-153

## **O R D E R**

This matter is before the Court on Defendant's Motion to Stay Discovery, (doc. 21), and Plaintiff's Motion to Compel, (doc. 29). The Court previously granted the Motion to Stay on April 21, 2017, before Plaintiff filed a Response. (Doc. 27.) Plaintiff has since filed a Response, (doc. 28), and accordingly, the Court **VACATES** its April 21, 2017, Order granting the Motion to Stay and will consider Plaintiff's Response. Additionally, the Court **DISMISSES AS MOOT** Plaintiff's Objection, (doc. 29), to the April 21, 2017 Order.

However, after careful consideration of the entire record including Plaintiff's Response, and for the reasons set forth below, the Court **GRANTS** Defendant's Motion to Stay, (doc. 21), and **DISMISSES** Plaintiff's Motion to Compel, (doc. 24).

### BACKGROUND

Plaintiff filed this lawsuit on November 16, 2016, and filed his Amended Complaint on January 5, 2017. (Docs. 1, 8.) Defendant was served with the Complaint on February 8, 2017. (Doc. 13.) On April 10, 2017, Defendant filed a Motion to Dismiss requesting that the Court dismiss all of Plaintiff's claims. (Doc. 20.) Shortly thereafter, Defendant moved to stay

discovery in this case until this Motion is resolved. (Doc. 21.) Plaintiff responded in opposition to the Motion to Stay on April 24, 2017. (Doc. 29, p. 3.) Additionally, on April 20, 2017, Plaintiff filed a Motion to Compel. (Doc. 24.) In that Motion, Plaintiff sought to have the Court compel Ms. Tracey Jermon, who is not a party to this action, to provide Plaintiff with unspecified "paperwork." (Id.)

## DISCUSSION

### I. Motion to Stay

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that:

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

The Court recognizes that Chudasama and its progeny do not create a per se rule that discovery is stayed every time a motion to dismiss is filed. See S. Motors Chevrolet, Inc., No. CV414-152, 2014 WL 5644089, at *1. Nonetheless, the principle espoused in Chudasama, that the Court should prevent the needless expenditure of resources on discovery, is instructive to the Court's inquiry at hand. Further, "[i]n deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting, Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C.1988)).

A preliminary review of Defendant's Motion to Dismiss reveals that he has raised meritorious challenges to the legal sufficiency of Plaintiff's Amended Complaint. If the Court were to grant Defendant's Motion to Dismiss, this lawsuit would be dismissed in its entirety. Whether the Amended Complaint can withstand Defendant's challenges is a decision left to the District Judge. However, at this stage, the Court does not find Defendant's arguments for dismissal so frivolous or non-meritorious to conclude that they have been interposed for the purpose of delay.

Additionally, Plaintiff has filed numerous claims. Even a partial grant of the Motion to Dismiss could narrow the issues which the parties must address in discovery and perhaps reduce the scope of discovery. On this point, Plaintiff has not requested that discovery remain open on a limited set of issues. Thus, denial of the Motion to Stay would require the parties to commence discovery on all of the issues raised by Plaintiff's Amended Complaint despite the pending Motion to Dismiss. Plaintiff has also not plausibly argued that discovery is needed for him to

respond to the Motion to Dismiss. Indeed, in the Motion to Dismiss, Defendant accepts, as he must, the factual allegations of the Amended Complaint as true, for the purposes of the Motion to Dismiss. (Doc. 20–1, p. 1.) Thus, Plaintiff does not need discovery to prove his allegations, because Defendant has conceded those allegations for the purposes of the Motion to Dismiss.

In his Response, Plaintiff acknowledges that "[d]iscovery shall be stayed unless the Court finds upon the motion of any particularized discovery [sic] is necessary to preserve evidence or to prevent undue prejudice to [the] opposing party." (Doc. 28, p. 1.) Plaintiff then refers to his Motion to Compel and contends that discovery is necessary to "preserve the evidence in question." (Id. at p. 2.) However, parties and their counsel are well aware of their duty to preserve evidence during the stay of discovery. Should they fail to live up to that duty, this Court has broad discretion to impose sanctions for spoliation in order "to prevent unfair prejudice to litigants and to insure the integrity of the discovery process." Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005). Moreover, Plaintiff has not pointed to any specific evidence which could be lost or any other potential development that would render his discovery requests less effective after resolution of the Motion to Dismiss. Thus, other than the intangible harm produced by the delay in the discovery process, it does not appear that a stay of discovery will produce any damage.

For all of these reasons, the Court finds that good cause exists to stay discovery until such time as a ruling is made on Defendant's Motion to Dismiss and that no prejudice will accrue to the parties if Defendant's request is granted. Specifically, a ruling on Defendant's Motion to Dismiss before the commencement of discovery may save the parties' time and resources by clarifying what issues, if any, the parties will need to address in discovery.

Consequently, the Court **GRANTS** Defendant's Motion to Stay. THEREFORE, IT IS HEREBY ORDERED that all discovery in this case is hereby **STAYED** pending a ruling on Defendant's Motion to Dismiss. The parties shall not engage in any discovery during the period of this stay. Thus, the parties shall not serve any discovery requests on any opposing party or on any third parties unless and until the Court lifts this stay. If any party or third party has already been served with any requests for discovery, they have no obligation to respond to the requests until after the stay is lifted and the Court enters a Scheduling Order.

IT IS FURTHER ORDERED that, **within fourteen (14) days** following the Court's ruling on Defendant's Motion to Dismiss, should this case remain pending before the Court, the parties are directed to meet and confer pursuant to Rule 26(f). The parties are to file an updated Rule 26(f) Report **within seven (7) days** of the Rule 26(f) conference, at which time a Scheduling Order will be entered.

## II. Motion to Compel

In his Motion to Compel, Plaintiff appears to request that the Court Order Ms. Tracey Jermon to produce unspecified paperwork regarding his termination. (Doc. 24.) He states that Ms. Jermon was his "union representative and EEOC fair practice coordinator that was there with [him] throughout his ordeal." (Id. at p. 2.) He recounts communications in which he sought information from Ms. Jermon and the union and attaches e-mails regarding the same. As an initial matter, given the stay of discovery issued above, the Court will not allow any discovery from Ms. Jermon or any other person at this time. Thus, the Court **DISMISSES** Plaintiff's Motion to Compel.

However, even if discovery were not stayed, the Court would deny Plaintiff's Motion. Prior to coming to this Court to compel a party or third party to produce discovery, Plaintiff must

5

have first served that third party with a proper discovery request. It does not appear that Plaintiff has made any formal request of Ms. Jermon or his union. To the extent that Plaintiff seeks to depose Ms. Jermon or some other non-party, he is advised to consult the requirements of Federal Rules of Civil Procedure 30 and 31. To the extent Plaintiff seeks documents from a third party, he is advised to consult the requirements of Federal Rule of Civil Procedure 45.

Of course, Plaintiff must not seek a deposition or request documents unless and until the Court lifts the stay of discovery. Plaintiff is forewarned that, if the Court lifts the stay, he must first seek discovery directly from a person or party before coming to this Court for assistance. Additionally, prior to filing a Motion to Compel or other discovery motion, Plaintiff must follow the steps for resolution of discovery disputes set forth in this Court's November 16, 2016 Rule 26 Instruction Order. (Doc. 5 at pp. 5–6.)

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Stay, (doc. 21), **DISMISSES AS MOOT** Plaintiff's Objection on Order on Motion to Stay, (doc. 29), and **DISMISSES** Plaintiff's Motion to Compel, (doc. 24).

**SO ORDERED**, this 1st day of May, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA