# In the United States District Court for the Southern District of Georgia Brunswick Division

CARY G. MOSELEY, JR,

    Plaintiff,

    v.

JEFF SESSIONS,
attorney general, U.S.
Department of Justice

    Defendants.

CV 216-153

## ORDER

This matter comes before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief may be granted. Dkt. No. 20. This Motion has been fully briefed and is ripe for review. For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

At this stage of the case, the allegations of the complaint are accepted as true pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Cary Moseley, Jr. sued the Attorney General on November 16, 2016, for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 to 12117. Dkt. No. 1. Because the ADA does not apply to employment by the federal government or its agencies, and Plaintiff's claims are against a

federal employer—the Bureau of Prisons, and consequently, the Department of Justice—his claims are governed by the Rehabilitation Act, 29 U.S.C. § 701, et seq. See Spence v. Straw, 54 F.3d 196, 202 (3d Cir. 1995) ("[T]he Rehabilitation Act provides the exclusive means by which a litigant may raise claims of discrimination on the basis of handicap by federal agencies."). Specifically, Moseley has brought claims for termination, failure to accommodate, retaliation, and hostile work environment from his employment with the Federal Correctional Institute in Jesup, Georgia. Dkt. No. 1, III.A, III.C.

Moseley alleges that he was injured in October 2012 and suffered the permanent injury of nerve damage to the left dominant arm in March 2013. Id. at III.E ¶¶ 1-2. Moseley further alleges that after he was sent for a functional capacity evaluation in August 2013, he was denied an accommodation and filed a grievance. He was then told in October 2013 that he was not "fit for duty" and could not work at his place of employment. Id. ¶¶ 4-6. That same month, he contacted EAP for help with stress, and the union stopped his "eight point letter." Id. ¶¶ 7-8. After that, he was placed in a mental hospital due to stress and diagnosed with Post Traumatic Stress Disorder ("PTSD") and "major depressive disorder." Id. ¶ 9. While there, the prison decided he could return to work "full

duty." Id. ¶ 10. But when he left the hospital, DR[1] said he could no longer work at his employment. Id. ¶ 11. So he filed a worker's compensation claim, which was denied. Id. At this point, Moseley was told he could not file an EEO claim for an accommodation. Id. ¶ 12. He ran out of leave, and was approved for eighty hours. Id. ¶ 13. Upon request, he delivered a leave without pay memorandum to the prison. Id. ¶ 14. On a call from the prison, Moseley requested his retirement benefits, explaining that he needed more money after the denial of his worker's compensation claim. Id. ¶ 15. His retirement was approved in November 2014. Id. ¶ 16.

Meanwhile, Moseley received a bill from the prison for approximately $3,100 for unpaid insurance premiums while on leave without pay. Id. ¶ 17. Moseley now seeks the "same retirement as Suzanne Hastings retroactive to retirement date," and to have his student loans paid off and his child's college paid for. Dkt. No. 1-3, V.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true

---

[1] The Complaint does not further identify who DR is.

AO 72A
(Rev. 8/82)

the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys." Boxer X v. Harris, 437 F.3d

AO 72A
(Rev. 8/82)

1107, 1110 (11th Cir. 2006) (emphasis in original) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).

## DISCUSSION

Defendant filed a Motion to Dismiss Plaintiff's complaint for failure to state a claim. Defendant argues that Plaintiff's claims are barred because he failed to exhaust his administrative remedies. It further argues that even if Plaintiff sufficiently exhausted his administrative remedies, his claims should be dismissed for failure to state claims upon which relief may be granted.

### I. Exhaustion of Administrative Remedies

Before a plaintiff may file a suit for discrimination in federal court, he must exhaust his administrative remedies. In fact, administrative exhaustion is a jurisdictional prerequisite to discrimination cases. Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999). Specifically, three requirements must be met: (1) the plaintiff must contact an agency's Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discrimination; (2) he must file a complaint with the agency within 15 days of the notice of his right to do so; and (3) he must sue within 90 days of the agency's final decision or after 180 days have elapsed from the filing of his complaint with the EEOC if no final action has been taken. 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.105(a)(1), 1614.106(b), 1614.407.

Indeed, a plaintiff must administratively exhaust each and every claim be brings in federal court. It is not enough that he raised one of the claims with the agency. Each claim brought in federal court must have been brought before the agency. See Thompson v. West, 883 F. Supp. 1502, 1507 (M.D. Ala. 1995). And, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory v. Ga. Dep't of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004).

In conducting this analysis, dates matter. The 45 day clock starts running from the date of the alleged discrimination. Therefore, the Court must ascertain the alleged date of the alleged discrimination for each of Moseley's four claims. The operative date for discrete acts of discrimination is the date a plaintiff learns of the discrete act, if it is later than the date the act was taken. See Shiver v. Chertoff, 549 F.3d 1342 (11th Cir. 2008) (holding timely the administrative complaint of a plaintiff who had contacted EEO counselor within 45 days of the date on which he learned his demotion was effective).

For his termination claim, the 45-day clock starts running on Moseley's last day of employment. For the claim of failure to accommodate, the clock starts when he learned that his request for an accommodation was denied. For his retaliation claim, the clock starts when the prison took a tangible employment action

AO 72A
(Rev. 8/82)

against him in retaliation of his engaging in a protected activity. The date of alleged discrimination in a hostile work environment claim is less straightforward. It involves the continuing violations doctrine—that is, the clock starts on the day of the last event contributing to a hostile work environment. Smiley v. Ala. Dep't of Transp., 778 F. Supp. 2d 1283, 1295 (M.D. Ala. 2011). Still, the events supporting a hostile work environment claim cannot arise after the last day of employment.

Here, Plaintiff claims that the prison discriminated against him until his retirement.[2] Dkt. No. 8-3, II.2. His last day of employment serves as the operative date for his termination, retaliation, and hostile work environment claims.[3] Unfortunately, his complaint does not clearly identify what this date was. The complaint states that he was approved for retirement in November 2014.[4] Dkt. No. 1-3 ¶ 16. Because

---

[2] Defendant argues that the "Pre-Exit Clearance Form" attached to Plaintiff's complaint makes clear that he separated from employment with the prison on November 1, 2014. While the form suggests as much, by its own name, it is forward-looking to the date of retirement rather than backward looking. In light of this equivocation in the form itself and the Court's obligation to draw all reasonable inferences in favor of Plaintiff, the Court cannot reach the same conclusion as the one made by Defendant at the motion to dismiss stage.

[3] Indeed, it is possible that the alleged discrimination occurred much earlier for the retaliation and hostile work environment claims. The problem with assessing these claims is that the complaint does not clearly identify the alleged discriminatory conduct for these claims. At bottom, though, the discrimination would have to have occurred during Moseley's employment.

[4] Plaintiff's responsive brief explains that while he was approved for retirement in November 2014, his actual retirement date was much earlier—December 29, 2013. Dkt. No. 25, E.1. On a motion to dismiss, the Court is instructed to use only the allegations in the complaint itself. It is also required to draw all reasonable inferences in Plaintiff's favor. Randall v. Scott, 610 F.3d at 705. Because of these two requirements, the Court will

) 72A
:v. 8/82)

Moseley does not allege a specific date in November and the Court must draw all reasonable inferences in Moseley's favor at this stage of the case, the Court will treat this as an allegation that Moseley retired on the last day of November: November 30, 2014. 45 days from November 30, 2014 is January 14, 2015. This is the date, at the very latest, by which Moseley needed to initiate counseling for his termination, hostile work environment, and retaliation claims because no employment discrimination can occur after an employee's last day of employment.

The exhibits to the complaint show that he requested an EEO counselor on January 22, 2015. Dkt. No. 8-3, p. 2. This was after the deadline required by EEOC regulations. Therefore, Moseley failed to administratively exhaust his claims for termination, retaliation, and hostile work environment.

The claim of failure to accommodate presents a different analysis. The only action taken by the prison against Moseley that may fall within the 45-day time limit is the bill from the prison for unpaid insurance premiums while on leave without pay. The complaint does not clearly state what date Moseley received this bill. The bill itself is dated November 16, 2014 with a due date of December 10, 2014, and Moseley acknowledged receipt of it on December 31, 2014. Dkt. No. 8-30, p. 4-5. In any event,

disregard the December 29, 2013—more harmful to Plaintiff—date in assessing the timeline for administrative exhaustion.

8

Moseley followed it up with a request for an itemized statement and copies of his time and attendance records, dated December 31, 2014. Dkt. No. 8-30, p. 3. He alleges that he did not receive a response with notice of a denial of that request until January 26, 2015. Dkt. No. 8-3, p.4. If true, and using this denial as the denial of a request for an accommodation, then Plaintiff met the first requirement for exhaustion of remedies for his claim of failure to accommodate.

Next, a notice of his right to file a formal complaint was sent on February 23, 2015. Dkt. No. 8-2. He then filed the complaint with the agency within 15 days, on March 4, 2015. Dkt. No. 8-3. The second requirement is met. The Department of Justice issued a final action order on October 31, 2016. Dkt. No. 1-1, p. 1. While Plaintiff has not attached the Notice of the Right to Sue letter from the Equal Employment Opportunity Commission, he alleges that he received it on November 7, 2016. Dkt. No. 1-3, IV.B. Plaintiff filed the present action on November 16, 2016, well within ninety days. Dkt. No. 1. The third requirement is met, and the Court finds that Plaintiff exhausted his administrative remedies.

## II. Moseley's failure to accommodate claim

To state a prima facie claim of failure to accommodate a plaintiff must allege (1) that he is disabled; (2) that he is a qualified individual; and (3) that he experienced discrimination

through the defendant's failure to provide a reasonable accommodation. McKane v. UBS Fin. Servs., Inc., 363 Fed. Appx. 679, 681 (11th Cir. 2010). "The plaintiff bears the burden of demonstrating that the accommodation allows him to perform the job's essential functions." Id. (quoting Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255-56 (11th Cir. 2001)).

Here, Moseley has not alleged that he was discriminated against by way of the defendant's failure to provide a reasonable accommodation. Even assuming that he has sufficiently alleged that he was disabled and that he was qualified, he has not shown a reasonable accommodation that would have enabled him to perform his job. He simply alleges that he was told he couldn't file "an EEO on accommodation" (Dkt. No. 1-1 ¶ 12) without stating what accommodation he sought, the manner in which he requested it, facts showing that it was reasonable, or that Defendant denied him that reasonable accommodation. Nor does Moseley allege that any accommodation he could have received would allow him to "return to work full duty." Id. ¶ 10. Drawing all reasonable inferences in favor of the plaintiff, the only way that Moseley's complaint suggests that Defendant failed to accommodate him is by billing him for unpaid insurance premiums while on leave without pay. Id. ¶ 17. And this is the only discrete act alleged to be taken against him of which he timely complained. Nothing in the statute, regulations, or case law suggests that billing an

72A
rv. 8/82)

employee for medical services amounts to a failure to provide a reasonable accommodation. In fact, the allegations of the complaint themselves show that he was not denied any medical leave that he requested. Specifically, after he ran out of leave, he was approved for 80 hours. Id. ¶ 13. And then he requested leave without pay through a memo. Id. ¶ 14. The complaint does not allege that such leave was denied. Therefore, even if Moseley properly exhausted his administrative remedies, his cause of action fails for failing to state facts supporting an essential element of a claim for failure to accommodate.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Dkt. No. 20), is hereby **GRANTED**, and Plaintiff's claims are dismissed.


**SO ORDERED,** this 17th day of November, 2017.


HON. LISA GODBEY WOOD
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)